FILED FOR RECORD
2/12/2019 3:08 PM
BETTY HERRIAGE
DISTRICT CLERK
HENDERSON COUNTY
Carmen Delgado

DARYOUSH TOOFANIAN, ESQ.
BAR NO. 24039801
RAD LAW FIRM
8001 LBJ FREEWAY, SUITE 300
DALLAS, TEXAS 75251
PH: 972-661-1111
FAX: 972-661-3537

CAUSE NO. CV19-0093-173

| | | |
|---|---|---|
| JAMES YERIAN, | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| v. | § | ____ JUDICIAL DISTRICT |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| DEFENDANT. | § | HENDERSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION
## AND FIRST REQUEST FOR WRITTEN DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, James Yerian, Plaintiff, complaining of and against Wal-Mart Stores Texas, LLC, Defendant, and for cause of action would respectfully show the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1.01   Pursuant to Rule 190.2 of the Texas Rules of Civil Procedure, this case will be governed according to Discovery Control Plan, Level 2.

1.02   Plaintiff seeks only monetary relief greater than $1,000,000.

### II. PARTIES, JURISDICTION, AND VENUE

2.01   Plaintiff is an individual residing in Henderson County, Texas.

2.02   Defendant is the owner/operator and has exclusive control of the premises, located at 1200 W. Main Street in Gun Barrell City, Texas. Defendant is an Arkansas limited liability company and can be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

2.03 This Court has jurisdiction over the parties to and subject matter of these claims because the amount in controversy is within the jurisdictional limits of this Court and venue is proper because all or a substantial part of the events or omissions giving rise to the claims herein occurred in Henderson County, Texas.

## III. STATEMENT OF FACTS

3.01 On or about October 21, 2017, Plaintiff was injured, while on Defendant's premises located Wal-Mart #516 in Gun Barrell City, Texas (the "Premises"). At the time of Plaintiff's injury, the Premises were being used for the purpose of a Wal-Mart Store.

3.02 Defendant was in control of the Premises on which Plaintiff's injuries occurred. At the time the injuries occurred, Defendant was the owner of the Premises or leasing the Premises and had the exclusive right to control the property on which Plaintiff was injured.

3.03 Plaintiff was an invitee at the time the injury occurred. Plaintiff went onto Defendant's premises for the mutual benefit of himself and Defendant, and at the implied invitation of the Defendant.

3.04 Plaintiff was injured while walking on Defendant's premises, he slipped on a puddle of liquid. Plaintiff suffered serious injuries as a result of this incident as complained of herein.

## IV. CAUSE OF ACTION FOR PREMISES LIABILITY

4.01 At all material times, Plaintiff was an invitee of Defendant as he was on the Premises for the purpose of purchasing merchandise from Defendant at Defendant's implied invitation. At the time of the incident, there existed on the Premises a dangerous condition of which Defendant knew or should have known. Such dangerous condition posed an unreasonable risk of harm but Defendant failed to exercise reasonable care to eliminate the risk. Such failure by Defendant proximately caused Plaintiff to suffer injuries.

## V. CAUSE OF ACTION FOR NEGLIGENCE

5.01 At the time that he fell, Plaintiff was being escorted and was led to the dangerous condition by a Wal-Mart employee. This constitutes a negligent activity.

## VI. DAMAGES

6.01 As a proximate result of Defendant's negligence, Plaintiff suffered severe physical injuries. As a result of her injuries, Plaintiff has suffered the following damages:

a. Physical pain and suffering in the past and future;

b. Mental anguish in the past and future;

c. Loss of household services;

d. Damage to earning capacity;

e. Physical impairment in the past and future; and

f. Medical expenses in the past and future.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial he has judgment against Defendant in a sum in excess of the minimum jurisdictional limits of the Court; prejudgment and postjudgment interest as provided by law; costs of suit; and such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,
**RAD LAW FIRM**

BY: _/s/ Daryoush Toofanian_____
    DARYOUSH TOOFANIAN
    State Bar No. 24039801
    8001 LBJ Freeway, Suite 300
    Dallas, Texas 75251
    Main Phone (972) 661-1111
    Direct Fax (972) 354-5655
    E-service: efileDT@radlawfirm.com
    dtoofanian@radlawfirm.com (communications only)
    **ATTORNEY FOR PLAINTIFF**