UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:19-cv-00087

**James Yerian,**
*Plaintiff,*

v.

**Wal-Mart Stores Texas, LLC,**
*Defendant.*

Before BARKER, *District Judge*

## ORDER

Before the court is defendant's refiled motion for summary judgment. Doc. 25. Upon consideration of all the moving papers, the court will **grant** the motion.

### Background

This case arises from an October 2017 slip and fall at a Wal-Mart location in Gun Barrel City, Texas. Plaintiff alleges that he slipped on a clear liquid on the floor of the craft aisle and suffered injuries. The parties do not dispute that plaintiff was an invitee shopping at that location on that date, that defendant was the operator of that store, and that plaintiff did slip and fall on liquid on the floor. Plaintiff alleges premises-liability and a negligent-activity theory of recovery. The allegedly negligent activity occurred when plaintiff asked a Wal-Mart employee to show him where a particular product was located. Plaintiff contends that the employee negligently directed him to the dangerous condition (the spilled liquid).

Plaintiff originally brought suit in the 173rd Judicial District of Henderson County, Texas. Defendant removed the case on March 11, 2019. Doc. 1. Eight months later, after the close of discovery, defendant filed its first motion for summary judgment. Doc. 16. After briefing was concluded, the court denied the motion without prejudice to refiling. Doc. 22.

In accordance with the court's instructions, defendant refiled its motion for summary judgment on March 6, 2020, and plaintiff filed its response on March 11, 2020. Docs. 25 and 27. Also in accordance with the court's instructions, neither party refiled its summary judgment evidence. The court will decide the motion on the original briefing and evidence and the re-filed motion and response.

**Legal standard**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014). A material fact is one that is likely to reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is not genuine if the trier of fact could not, after an examination of the record, rationally find for the non-moving party. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). As such, the burden of demonstrating that no genuine issue of material fact exists lies with the party moving for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence and take all reasonable factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Impossible Elecs. Techniques v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982). Accordingly, the simple fact that the court believes that the non-moving party will be unsuccessful at trial is insufficient reason to grant summary judgment in favor of the moving party. *Jones v. Geophysical Co.*, 669 F.2d 280, 283 (5th Cir. 1982).

Once the court determines that the movant has presented sufficient evidence that no genuine dispute of material fact exists, the burden of production shifts to the party opposing summary judgment. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In establishing a genuine dispute of material fact, the party opposing summary judgment

cannot rest on allegations made in their pleadings without setting forth specific facts establishing a genuine dispute worthy of trial. *Topalian v. Ehrman*, 954 F.2d 1125, 1132 (5th Cir. 1992). The non-moving party must demonstrate a genuinely disputed fact by citing to particular parts of materials in the record, such as affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials; or by showing that the materials cited by the movant do not establish the absence of a genuine dispute. Fed. R. Civ. P. 56(c)(1)(A)-(B). "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy v. Leading Edge Prods.*, 44 F.3d 308, 312 (5th Cir. 1995). Moreover, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). The court may grant summary judgment against a party who cannot provide any evidence of an essential element of a claim on which that party will bear the burden of proof at trial. *Celotex Corp.*, 447 U.S. at 322-23.

Finally, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380-81 (2007). When there is video evidence available in the record, the court is not bound to adopt the nonmoving party's version of the facts if it is contradicted by the record, but rather should view the facts in the light depicted by the videotape. *Harris v. Serpas*, 745 F.3d 767, 771 (5th Cir. 2014).

**The evidence**

With its original motion, defendant submitted as Exhibit 1 the affidavit of Darrell Bow, the manager of the Wal-Mart location in question. Attached to the affidavit are sub-exhibits A through K. Exhibit A is a customer-incident report, created at the time of the incident. Exhibits B through H are witness

statements, all created at the time of the incident. Exhibit I is the video-request form created at the time of the incident. Exhibit J is 14 black-and-white photos of the floor with the liquid on it. Exhibit K is surveillance video of the front exterior and front entrance if the store, and two angles of the area where the fall occurred. Defendant further offered Exhibit 2, the affidavit of its counsel, Jessica LaRue. Attached to Exhibit 2 are sub-exhibits A, plaintiff's initial disclosures, and B, plaintiff's supplemental initial disclosures.

Plaintiff attached exhibits A through D to his response. Exhibit A is plaintiff's affidavit. Exhibit B is seven of the same 14 black-and-white photos submitted with defendant's motion. Exhibits C and D are two angles of surveillance footage. These are the same two angles of the store's interior that defendant provided.

## Analysis

The court addresses *seriatim* plaintiff's two theories of recovery: premises liability and negligent activity.

### I. Premises liability

The elements of a premises-liability cause of action in Texas are (1) that the defendant had actual or constructive knowledge of a condition on the premises; (2) that the condition posed an unreasonable risk of harm; (3) that the condition was concealed (not open and obvious); (4) that the plaintiff was not aware of the danger; (5) that defendant did not exercise reasonable care to make safe or warn against the unreasonably dangerous condition; and (6) that defendant's failure to use reasonable care proximately caused plaintiff's injuries. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). The first element is at issue here. Without actual knowledge, there must be sufficient evidence to show that the condition had existed for long enough that the defendant should have discovered it through the exercise of reasonable care and inspection. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). In other words, that the defendant had a reasonable

opportunity to discover it. *Id.* Establishing the mere possibility that the condition had existed for the requisite amount of time or that it was possible for it to have been discovered is not sufficient to prove constructive knowledge. *Id*. at 816. In determining whether the defendant should have discovered the condition, the court may consider (1) the proximity of employees to the condition, (2) the conspicuousness of the condition, and (3) the length of time it existed. *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567-68 (Tex. 2006) (citing *Reece*, 81 S.W.3d at 816).

As to the length-of-time factor, plaintiff's only evidence of when the spill occurred are the photos, which plaintiff claims show that the water was dirty and had track marks through it. This claim is dubious at best, given that the photos are low-quality and in black and white. Moreover, the Texas Supreme Court has held that this kind of "dirty water" evidence is insufficient because of the equal-inferences rule. In one case, the court held that dirt in macaroni salad on which a plaintiff slipped was no evidence of the length of time the macaroni had been on the floor because that evidence could equally support either the inference that it had accumulated dirt over a long period of time or that it had been quickly contaminated. *Walmart v. Gonzales*, 968 S.W.2d 934 (Tex. 1998) (citing many cases with the same result as to various substances).

As to conspicuousness, the parties agree that the liquid was clear, and the photos tend to show that there was not a large amount of liquid. The Texas Supreme Court has held that clear liquid on a light tile floor is not conspicuous. *Reece*, 81 S.W.3d at 816. Finally, the proximity factor does nothing to help plaintiff because, if one does not know when the liquid got on the floor, one cannot say how many employees, if any, came within close proximity to it. *Reece*, 81 S.W.3d at 816. The Texas Supreme Court has concluded that, without evidence of how long the spill had been on the floor, an employee walking past the spill and not noticing it a few moments before the

plaintiff's fall could not establish constructive knowledge. *Id*. at 817 (citing *Gonzales*, 968 S.W.2d at 936) (explaining that even where a spill is highly conspicuous or where an employee was in close proximity to a less conspicuous spill for a "significant period of time," "there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition. Otherwise, owners would face strict liability for any dangerous condition on their premises, an approach we have clearly rejected.").

In this case, the dirt and track marks in the water are, as a matter of law, no evidence of how long the water had been there. The clear water on a light tile floor is, as a matter of law, inconspicuous. And, without any evidence of when the spill occurred, constructive knowledge cannot be established simply by showing that the employee who was escorting plaintiff, or some other employee, walked past the spill moments before the fall.

Therefore, the court **grants** defendant's motion as to the premises-liability claim on the ground that plaintiff has no evidence sufficient for a jury to find defendant's knowledge or constructive knowledge of the condition. "Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Reece*, 81 S.W.3d at 816.

**II. Negligent activity**

In Texas, a negligent-activity theory is viable only if the plaintiff is injured as a contemporaneous result of the activity, rather than by a condition created by the activity. *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193 (Tex. 2015). Whereas premises liability is a nonfeasance theory, negligent activity is a malfeasance theory. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). A claim for negligent activity is submitted on a general-negligence question. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017). Texas recognizes that

almost all artificial conditions are necessarily created by an activity but has repeatedly refused to blur the lines between negligent activity and premises liability, holding that an activity that creates a condition is not the kind of contemporaneous activity necessary for a negligent activity claim. *United Scaffolding*, 537 S.W.3d at 472; *Del Lago*, 307 S.W.3d at 776.

Plaintiff argues that *Austin v. Kroger* "largely negate[s]" "the notion that a premises liability case cannot exist on the same facts as a negligence case." Doc. 27 at 4 (citing *Austin*, 465 S.W.3d 193). That case dealt with an employee who slipped and fell while cleaning a spill as part of his job duties. The court reaffirmed that "when a claim does not result from contemporaneous activity, the invitee has no negligent-activity claim, and his claim sounds exclusively in premises liability." *Id*. at 215. The court did state, however, that an injury may have more than one proximate cause and a negligent-activity claim could exist on the same facts as a premises-liability claim. *Id.* at 216.

So negligent activity and premises liability may be raised in the same action on an appropriate fact pattern, and this appears to be an appropriate fact pattern. Plaintiff alleges a contemporaneous activity that did not create the condition, so, at this threshold stage, the claim seems viable. But defendant does not appear to seriously dispute that proposition. Rather, defendant argues that plaintiff has no proof that the activity (defendant's employee escorting plaintiff to the requested product) was negligent or that the activity caused the injury. Plaintiff argues that the employee's malfeasance in directing plaintiff to the spill caused his injury.

Plaintiff's summary-judgment evidence on this claim consists of the videos and plaintiff's own affidavit, which states that the employee "directed [him] to within less than two feet of the clear liquid that caused [him] to fall." But the video directly and conclusively contradicts his affidavit in showing that she did not direct him to that aisle. No reasonable and

properly instructed juror could find that activity to be negligent or a proximate cause of the injury.

In this case, Wal-Mart and its employee had a duty to act reasonably in showing plaintiff where his requested product was located. In Texas, a person violates the duty of reasonable care if he fails to act as a person of ordinary prudence would have acted in the same or similar circumstances. Texas Pattern Jury Charges, *General Negligence & Intentional Personal Torts*, § 2.1. It is impossible for a reasonable jury to find that the employee acted unreasonably in this case. An employee who points a visitor to a product is not obligated to investigate whether any dangerous condition exists in any part of the store that the plaintiff might have to pass through in order to get to the intended aisle. One also cannot say that the employee was negligent for failing to identify the puddle on the floor of an aisle that she neither walked down nor intended plaintiff to walk down. Texas law establishes that the employee in this case had no obligation to be the absolute insurer of plaintiff's safety. *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 203-04 (Tex. 2015). Plaintiff was in at least as good a position to discover and take precaution against the spill as the employee.

A proximate cause of an injury is that cause which, in a natural and continuous sequence, produces the injury and without which the injury would not have occurred. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). A proximate cause sets in motion a natural and unbroken chain of events leading directing and proximately to a reasonably foreseeable result or injury. *Hart v. Van Zandt*, 399 S.W.2d 791, 793 (Tex. 1965). In Texas, the act or omission complained of must be such that a person using ordinary care would have foreseen that the injury, or some similar injury, might reasonably result therefrom. Texas Pattern Jury Charges, *General Negligence & Intentional Personal Torts*, § 2.4.

The employee's actions in this case may be a cause in fact, but the result of her actions was not foreseeable. Plaintiff may have found the aisle on his own or at the direction of another person. By the time he found the aisle by other means, the spill may have been cleaned up. But because he asked the employee to show him where it was, it could fairly be concluded that he would not have fallen if she had not done so. However, the employee had no reason to foresee that her actions would lead to the injury. The court concludes above that the employer had no constructive knowledge of the spill, and the court must conclude that this employee also had no constructive knowledge. Therefore, in the ordinary execution of her job duties, the employee had no reason to believe that her actions would result in the fall.

## Conclusion

Defendant has carried its burden to show that plaintiff has no evidence of one or more elements of each of plaintiff's causes of action and has shown that it is entitled to judgment as a matter of law. Therefore, the court **grants** defendant's motion for summary judgment (Doc. 25) and will render its judgment by separate instrument.

*So ordered by the court on March 23, 2020.*

J. CAMPBELL BARKER
United States District Judge